# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TRUSTEES OF THE BRICKLAYERS & )
ALLIED CRAFTWORKERS LOCAL 13 )
DEFINED CONTRIBUTION PENSION TRUST )
FOR SOUTHERN NEVADA, *et al.*, )
                                    Plaintiffs, )   Case No. 2:16-cv-01067-GMN-GWF

vs. )   **REPORT AND**
                                                 )   **RECOMMENDATION**
TILE CONCEPTS, INC, *et al.*, )
                                  Defendants. )
_____)

This matter is before the Court on Plaintiffs' Motion for Default Judgment against Defendants Tile Concepts, Inc. and Michael R. Trimble (ECF No. 9), filed on July 13, 2016. No response to the Motion was filed. The court conducted a hearing in this matter on November 16, 2016. This proceeding is referred to the undersigned pursuant to 28 U.S.C. 636(a) and (b) and LR IB 1-3 and 1-4 of the Local Rules of Practice.

## BACKGROUND

Plaintiffs filed their Complaint (ECF No. 1) on May 12, 2016 against Defendants Tile Concepts, Inc. ("Tile Concepts") and Michael R. Trimble ("Trimble") alleging a claim of breach of written collective bargaining agreements, related trust agreements and settlement agreement. Plaintiffs demanded that Defendants submit to an audit pursuant to the parties' settlement agreement. Plaintiffs filed an Affidavit of Service on Defendant Tile Concepts (ECF No. 5) and an Affidavit of Service on Defendant Trimble (ECF No. 6) on May 18, 2016. Defendants did not file a responsive pleading. Pursuant to Plaintiffs' Motion (ECF No. 7), the Clerk of Court entered default against Defendants on June 15, 2016. See ECF No. 8. Based on Defendant's failure to answer or otherwise respond, Plaintiffs now seek a default judgment against Defendants.

**DISCUSSION**

I. **Adequacy of Service of Process**

As a preliminary matter, a court must determine whether the service of process was adequate. A federal court does not have jurisdiction over a defendant unless the defendant has been properly served. *See Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rule 4 of the Federal Rules of Civil Procedure governs service of process in a federal action. According to Rule 4, an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A). A corporation, partnership, or association may be served by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

Here, the executed summonses indicate that a process server served the Complaint and Summons on Defendant Trimble individually and on Defendant Tile Concepts via its registered agent on May 14, 2016. *See* ECF No 5, 6. Thus, service of process on Defendants was adequate.

II. **Default Judgment**

Rule 55 of the Federal Rules of Civil Procedure sets forth the two-step procedure for obtaining a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a); *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the clerk of the court must enter default against the party. Fed. R. Civ. P. 55(a). Second, the party seeking default judgment must then petition the district court for entry of a default judgment. Fed. R. Civ. 55(b)(2).

The grant or denial of a motion for the entry of default judgment is within the discretion of the district court. *Liberty Ins. Underwriters Inc. v. Scudier*, 53 F. Supp. 3d 1308, 1317 (D. Nev. 2013) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)). The Ninth Circuit has identified the following factors as relevant to the exercise of the court's discretion in determining whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at


stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

In applying the *Eitel* factors, the well-pleaded factual allegations of the complaint are taken as true after the court clerk enters a default, except for the allegations relating to damages. *See, e.g., TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *Liberty Ins.*, 53 F. Supp. 3d at 1317. "Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment." *TeleVideo Sys.*, 826 F.2d at 917. In particular, a court may require a moving party to "establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2)(c). In this case, the Clerk entered default against Defendants on June 15, 2016. *See* ECF No. 8. Thus, the Court will evaluate the *Eitel* factors.

### A.   Possibility of Prejudice to the Plaintiff

The first *Eitel* factor favors default judgment where the plaintiff will suffer prejudice if default judgment is not entered. 782 F.2d at 1471. Simply delaying the resolution of the case is not prejudicial under this standard. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001). The standard is whether plaintiff's ability to pursue the claim will be hindered. *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 462 (9th Cir. 1984)).

Defendants have failed to appear since being served on May 14, 2016. As a result, Plaintiffs "will likely be without other recourse for recovery" if default judgment is not entered in their favor. *Liberty Ins.*, 53 F. Supp. 3d at 1318 (quoting *Pepsico, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)). In addition, by failing to answer or otherwise respond to the complaint, Defendants are deemed to have admitted the truth of Plaintiffs' averments as to liability. *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). Therefore, the Court finds that this factor weighs in favor of entry of a default judgment.

### B.   Merits of the Plaintiff's Substantive Claims and Sufficiency of the Complaint

The second and third *Eitel* factors favor default judgment if the plaintiff makes enough factual allegations to state a claim upon which relief can be granted, in accordance with Rule 8(a). 782 F.2d at 1471; *Cal. Security Cans*, 238 F. Supp. 2d at 1177. As discussed below, the second

and third *Eitel* factors weigh in favor or entering a default against Defendants.

Plaintiffs' Complaint alleges a claim for relief for breach of written collective bargaining agreements, related trust agreements and settlement agreement as well as a demand for Defendants to submit to an audit pursuant to their settlement agreement. This is a claim upon which relief can be granted, and Plaintiffs have sufficiently pled this claim to fulfill the requirements of Federal Rule of Civil Procedure 8. To state a breach of contract claim, a plaintiff must allege the existence of a valid agreement between the plaintiff and the defendant, a material breach by the defendant, and damages. *See Bernard v. Rockhill Dev. Co.*, 103 Nev. 132, 135, 734 P.2d 1238, 1240 (1987).

Plaintiffs allege that there was a collective bargaining agreement between Plaintiffs and Defendant Tile Concepts and that Defendant Tile Concepts failed to abide by the terms of the collective bargaining agreement. Plaintiffs allege that Defendant Tile Concept is obligated to pay fringe benefit contributions shown to be due upon the completion of the audit, liquidated damages, and interest. Plaintiffs allege that Defendant Trimble, as an individual and as president of Tile Concepts, entered into a settlement agreement with Plaintiffs. Plaintiffs allege that Defendant Trimble breached the settlement agreement by failing to submit to the audit resulting in damages. Therefore, Plaintiffs have sufficiently pled factual allegations to state a breach of contract claim against Defendants.

### C.   Sum of Money at Stake in the Action

The fourth *Eitel* factor weighs against a default judgment when there is a substantial amount of money involved. 782 F.2d at 1472. In evaluating this factor, the court must compare the amount of money at stake to the seriousness of the defendant's conduct. *See Cal. Security Cans*, 238 F. Supp. 2d at 1176.

The amount of money at stake in the action has not yet been determined since the amount of the unpaid fringe benefit contributions are to be determined upon completion of the audit. The Master Labor Agreement provides that post-judgment interest accrues at an 14% interest rate per annum. *See Plaintiff's Motion for Default Judgment*, (ECF No. 9), Ex. 9-2, pg. 26. However, given that the Court may retain jurisdiction to adjust a damages award following an audit in ERISA cases, the risk of an unreasonably high amount of damages is low. See *Walters v.*

*Shaw/Guehnemann Corp.*, No. C 03-04058 WHA, 2004 WL 1465721, at *3 (N.D. Cal. Apr. 15, 2004).

### D.  Possibility of a Dispute Concerning Material Facts

The fifth *Eitel* factor weighs against a default judgment where there is a possibility of a dispute about material facts. 782 F.2d at 1471–72. Because this Court takes all allegations in a well-pleaded complaint as true after the Clerk enters default, there is no likelihood that any genuine issue of material fact exists in this case. *See, e.g., Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005). Defendants have not answered or otherwise responded, and nothing in the record indicates that any of the material facts are in dispute. Therefore, accepting the facts as stated in the Complaint as true given the sufficiency of the Complaint, this factor weighs in favor of a default judgment.

### E.  Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor favors default judgment where default was not due to excusable neglect. 782 F.2d at 1472. Plaintiffs demonstrated that their process server properly served Defendants with Summons and the Complaint. Defendants failure to appear is therefore willful, and this factor weighs in favor of entry of a default judgment.

### F.  The Strong Policy Favoring Decisions on the Merits

The final *Eitel* factor instructs a court to examine whether a default judgment is appropriate in light of the strong policy in the Federal Rules of Civil Procedure favoring decisions on the merits. 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible."). However, the mere existence of Rule 55(b) indicates that this preference is not dispositive. *Cal. Security Cans*, 238 F. Supp. 2d at 1177. Here, Plaintiffs have no opportunity to try their case on the merits when Defendants have failed to respond or otherwise defend themselves in this action. Therefore, this factor weighs in favor of entry of a default judgment.

### Conclusion

Based on the foregoing, the Court finds that Plaintiffs' service of process on Defendants was adequate. The Clerk of Court entered default against Defendants on June 15, 2016. *See* ECF No. 8. Weighing all the *Eitel* factors, this Court finds that entry of the default judgment is

appropriate.  For the reasons stated above,

**IT IS HEREBY RECOMMENDED** that Plaintiffs' Motion for Default Judgment against Defendants Tile Concepts, Inc. and Michael R. Trimble (ECF No. 9) be **granted** and that judgment be entered in favor of Plaintiffs as follows:

1.  Defendants shall submit to an audit conducted by an independent third party of Plaintiffs' choosing within 14 days of the date of the Judgment to determine the exact amounts of unpaid fringe benefit contributions due.

2.  The Court shall retain jurisdiction over this matter in order to amend the judgment upon the determination of total amounts owed by Defendants. Such amended judgment shall include all additional interest, liquidated damages, and attorney's fees and costs as outlined by the parties' collective bargaining agreement and 29 U.S.C. § 1132(g)(2).

**IT IS FURTHER RECOMMENDED** that the Clerk of the Court be instructed to enter judgment accordingly.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 7th day of December, 2016.

GEORGE FOLEY, JR.
United States Magistrate Judge