1
2
3
4                          **UNITED STATES DISTRICT COURT**
5                                **DISTRICT OF NEVADA**
6
7    TRUSTEES OF THE BRICKLAYERS &amp;          )
     ALLIED CRAFTWORKERS LOCAL 13           )
8    DEFINED CONTRIBUTION PENSION TRUST      )
     FOR SOUTHERN NEVADA, *et al.*,          )
9                                            )
                     Plaintiffs,             )       Case No. 2:16-cv-01067-GMN-GWF
10                                           )
     vs.                                     )       **ORDER**
11                                           )
     TILE CONCEPTS, INC, *et al.*,           )
12                                           )
                     Defendants.             )
13   _____ )

14          This matter is before the Court on Defendants' failure to comply with the Court's Order

15   granting Plaintiff's Motion for Order to Show Cause (ECF No. 17), filed on March 3, 2017.

16                                   **BACKGROUND**

17          On July 13, 2016, Plaintiffs filed their Motion for Default Judgment. ECF No. 9. The

18   Court set the matter for hearing on November 16, 2016 and Defendants failed to be present. *See*

19   ECF No. 11, 12. On December 7, 2016, the undersigned issued a Report and Recommendation

20   (ECF No. 13) recommending that the Motion for Default Judgment be granted in favor of

21   Plaintiffs, including that Defendants be ordered to submit to an audit by an independent third party

22   of Plaintiffs' choosing within 14 days of the judgment. On January 25, 2017, the Court adopted the

23   Report and Recommendation in full. ECF No. 14. On January 26, 2017, the Clerk of the Court

24   issued judgment in favor of Plaintiffs. ECF No. 15. Defendants failed to submit to an audit.

25          On March 3, 2017, Plaintiffs filed their motion for order to show cause for Defendants'

26   failure to submit to an audit. On March 21, 2017, the Court granted Plaintiffs' motion for order to

27   show cause. The Court instructed Defendants to show cause, in writing, why sanctions should not

28   be imposed for their failure to comply with this Court's Order and set this matter for hearing on

April 19, 2017. *See* ECF No. 18. Plaintiffs served a copy of the Court's order on Defendants on March 22, 2017. *See* ECF No. 19. Defendants failed to show cause in writing and failed to be present for the April 19, 2017 hearing. *See* ECF No. 20. Additionally, Plaintiffs request an award of attorney's fees and costs associated with bringing their motion. *See* ECF No. 17, pg. 4. Plaintiff argues that Defendants acted in bad faith by refusing to obey the Court's orders and delaying the audit. *Id.*

## DISCUSSION

Courts have an inherent power to punish contempt of their authority and to coerce compliance with orders. *United States v. Powers*, 629 F.2d 619, 624 (9th Cir. 1980). Civil contempt is designed to compel a party's obedience to a specific and definite court order. *GoVideo, Inc. v. Motion Picture Ass'n of Am.*, 10 F.3d 693, 695 (9th Cir. 1993). A party fails to act as ordered by the court when it fails to take "all reasonable steps within its power to insure compliance with the [court's] order." *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987). The party alleging civil contempt must demonstrate by clear and convincing evidence that the alleged contemnor failed to obey the court's order. *GoVideo*, 10 F.3d at 695.

A magistrate judge's civil contempt power is governed by 28 U.S.C. § 636(e), which states that where:

> the act constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C. § 636(e)(6)(B)(iii) (2013).

The district judge then hears the evidence to determine whether the conduct warrants punishment. The district judge may impose contempt sanctions in the same manner and to the same extent as for a contempt committed before the district judge. *Aldridge v. Young*, 782 F. Supp. 1457, 1459 (D. Nev. 1991).

Pursuant to 28 U.S.C. § 636(e)(6), the undersigned magistrate judge hereby certifies the following facts that may support a finding that Defendants are in civil contempt of court. On January 25, 2017, the Court granted Plaintiffs' Motion for Default Judgment and ordered judgment

2

be entered in favor of Plaintiffs. The Court ordered Defendants to submit to an audit within 14 days of the date of judgment. *See* ECF No. 14. On January 26, 2017, the Clerk of the Court issued judgment in favor of Plaintiffs. ECF No. 15. Defendants failed to submit to an audit. On March 21, 2017, the Court ordered Defendants to show cause in writing why sanctions should not be imposed for their failure to comply with this Court's Order and set the matter for hearing. The Court warned Defendants that failure to comply may result in the imposition of sanctions. *See* ECF No. 18. Despite notice and an opportunity to be heard, Defendants again failed to comply with the Court's orders. Defendants failed to respond in writing and did not appear for the April 19, 2017 hearing. Accordingly,

**IT IS HEREBY ORDERED** that Defendants shall appear before the District Judge at a time to be determined to show cause why civil contempt sanctions, including but not limited to, requiring Defendants to pay Plaintiffs' reasonable attorney's fees and costs in pursuing contempt, should not be imposed.

**IT IS ORDERED** that Plaintiffs serve a copy of this Order upon Defendants by **May 2, 2017**.

DATED this 25th day of April, 2017.

GEORGE FOLEY, JR.
United States Magistrate Judge

3